# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 07345 | **DATE** | 8/16/2011 |
| **CASE TITLE** | Grzanecki vs. Cook County Sheriffs Police Department, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [11] is granted in part. This case is set for further status hearing on 9/1/2011 at 9:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

In Count I of her two-page complaint, *pro se* Plaintiff Mary Grzanecki ("Plaintiff") alleges that on November 15, 2008, Defendant Officer Cokeley ("Defendant") entered her home without a warrant and without good cause, and falsely arrested her. Plaintiff alleges that she was "unlawfully attacked with no just cause or provocation" by Officer Cokeley. Plaintiff alleges that Officer Cokeley used "excessive force to enter the premises, forcefully pushing [Plaintiff's] kitchen door open." Plaintiff further claims that after falsely arresting her, Defendant "fabricated false charges [against her] in retaliation [for] violating her civil rights by malicious prosecution." Defendant also allegedly "falsi[fied] reports by misinformation and defamation of the plaintiff's character and privacy with false information." Accordingly, interpreting Plaintiff's complaint broadly and making all reasonable inferences in her favor, Count I can be read to include claims for (1) unlawful entry; (2) false arrest; (3) excessive force; (4) malicious prosecution; and (5) some sort of "defamation"-type claim.

In Count II (titled "Intentional Tort Assault and Battery"), Plaintiff alleges that Defendant committed the intentional tort of assault and battery. Lastly, in Count III (titled "Respondeat Superior") Plaintiff contends that the above-mentioned acts were done while Officer Cokeley was acting within the scope of his employment.

A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief

**STATEMENT**

above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555, 569 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 562. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

Defendant argues that Counts II, III and portions of Count I of Plaintiff's complaint are time barred by the Local Government and Governmental Employee Tort Immunity Act, 745 ILCS 10/1-202, and should be dismissed. Plaintiff responds that "the limitations period did not begin to run * * * until after the dismissal of the criminal charges on Oct 27, 2009." Pl. Resp. at 1. Plaintiff further argues that the statute of limitations applicable to her claims comes from 735 ILCS 5/13-202, which proscribes a two-year limitations period for actions for personal injury, false imprisonment, or malicious prosecution.

In general, a statute of limitations defense is an affirmative defense that is not susceptible to disposition on a Rule 12(b)(6) motion to dismiss. However, "a statute of limitations defense [raised in a motion to dismiss] is appropriate where, [as here,] "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations.'" *Adonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). In her complaint, Plaintiff explicitly states that the incidents at issue occurred "on or about November 15, 2008." Cmplt. at 1. Plaintiff filed her complaint on November 15, 2010 [1]. Plaintiff does not argue that Defendant's statute of limitations defense may not be considered in this motion to dismiss.

The Illinois Local Governmental and Governmental Employees Tort Immunity Act states in relevant part:

> No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received of the cause of action accrued. For purposes of this Article, the term "civil action" includes any action, whether based upon the common law or statutes or Constitution of this State.

745 ILCS 10/8-101. The one-year statute of limitations applies to civil actions commenced under state law against state employees. See *id.*; *Walden v. City of Chicago*, 755 F. Supp. 2d 942, 959 (N.D. Ill. 2010). Accordingly, the statute of limitations for Plaintiff's state law claims against Officer Cokeley is set forth in 745 ILCS 10/8-101, not 735 ILCS 5/13-202.

Plaintiff's claim for "assault and battery" is an Illinois state-law claim against a state employee; therefore it is governed by the Tort Immunity Act. That claim accrued on November 15, 2008—the day of the incident. See, *e.g. Gomez v. Riccio*, 2004 WL 1921053, at *3 (N.D. Ill. July 9, 2004). Because the complaint was not filed within a year of that date, it is time barred. See, *e.g. Cunningham v. Village of Sauget, Ill.*, 2007 WL 2410109, at *8 (S.D. Ill. Aug. 23, 2007) (assault and battery claim subject to one-year statute of limitations in Illinois Tort Immunity Act); *Gomez v. Riccio*, 2005 WL 2978955, at *7 (N.D. Ill. Nov. 1, 2005) (same). Similarly, Plaintiff's complaint mentions "defamation of the plaintiff's character," another state law claim. To the extent that Plaintiff intends to bring a claim for "defamation," that too is a claim that arises out of Illinois law and is time barred by the Tort Immunity Act.

| STATEMENT |
|---|

Plaintiff also purports to bring a claim for malicious prosecution. She discusses "malicious prosecution" in the context of Count I of her complaint, which is the Count that includes her constitutional civil rights claims. Despite its inclusion in Count I, Plaintiff's claim for "malicious prosecution" is actually a claim brought under state law. As the Seventh Circuit emphasized in *Newsome v. McCabe*, in Illinois, there is no federal constitutional claim for malicious prosecution. 256 F.3d 747, 750 (7th Cir. 2001); see also *Parish v. City of Chicago*, 594 F.3d 551 (7th Cir. 2009). Instead, malicious prosecution claims arise under state law only. *Id.*; see also *Phillips v. Allen*, 743 F. Supp. 2d 931, 946-47 (N.D. Ill. 2010). Accordingly, Plaintiff's claim for malicious prosecution is subject to the one-year statute of limitations in the Tort Immunity Act.

However, unlike claims for assault and battery, claims for malicious prosecution do not accrue until criminal charges have been dropped or otherwise disposed of in the plaintiff's favor. See *Wallace v. Kato*, 549 U.S. 384, 392 (2007). Plaintiff's response mentions that her criminal charges were dismissed on October 27, 2009; any claim for malicious prosecution accrued at that time. *Id.*; see also *Evans v. U.S. Postal Service*, 428 F. Supp. 2d 802, 805 (N.D. Ill. 2006) (quoting *Dausch v. Ryske*, 52 F.3d 1425, 1428 n.3 (7th Cir. 1994) ("the facts asserted in the memorandum filed in opposition to the motion to dismiss, but not contained in the complaint, are relevant to the extent that they could be proved consistent with the allegations.")). The one-year limitations period for Plaintiff's malicious prosecution claim therefore expired on October 27, 2010—approximately three weeks before Plaintiff filed her complaint. Accordingly, any claim for malicious prosecution is time barred.

Certain of Plaintiff's claims are timely, however. The Tort Immunity Act does not apply to claims that arise out of federal law, including the U.S. Constitution. See, *e.g. Bass v. Hansen*, 2010 WL 5069690, at *18 n.18 (N.D. Ill. Dec. 7, 2010). Plaintiff's constitutional claims are for unlawful entry, false arrest, and excessive force. The statute of limitations for these claims is two years. See *Wallace*, 549 U.S. at 387-88; *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004) ("Illinois has a two-year statute of limitations for personal injury claims, see 735 ILCS 5/13-202, and this is the period to apply to a § 1983 case."). And these claims accrued on November 15, 2008—the day of the incident. *Wallace*, 549 U.S. at 396. Because Plaintiff filed her lawsuit precisely two years from the date her claims accrued, Plaintiff's constitutional claims for unlawful entry, false arrest, and excessive force are *not* time barred.[1]

Count III of Plaintiff's complaint ("Respondeat Superior") claims that Officer Cokeley's actions against the Plaintiff were undertaken within the scope of his employment. Count III is dismissed. The Seventh Circuit has held that "'[a]n individual cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation.'" *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (quoting *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996)); see also *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997) ("We reiterate that personal involvement is a prerequisite for individual liability in a §1983 action."). There is no respondeat superior liability in § 1983 actions." *Pacelli v. de Vito*, 972 F.2d 871, 878 (7th Cir. 1992). Because Plaintiff's state law claims are time-barred, the only claims remaining in this lawsuit are those constitutional claims that are brought pursuant to § 1983. "Respondeat superior" is not a valid basis to seek to hold Officer Cokeley's employer liable for Plaintiff's injuries. In any event, Count III is unnecessary; any damages that Plaintiff eventually may obtain against an individual officer acting within the scope of his employment will be paid by the County. See 745 ILCS 10/9–102; *Askew v. Sheriff of Cook County*, 568 F.3d 632, 636–37 (7th Cir. 2009).

---

[1] In her response brief, Plaintiff also cites § 740 ILCS 23/5, which proscribes a two-year statute of limitations for discrimination committed by government actors. This statute is inapplicable, Plaintiff does not allege in her complaint that she was the victim of discrimination, or give any details as to how she was discriminated against in her response.

## STATEMENT

For the reasons set forth above, Count II is dismissed with prejudice, along with Plaintiff's claims for defamation and malicious prosecution. Count III also is dismissed. However, Plaintiff's federal constitutional claims for unlawful entry, false arrest, and excessive force are *not* time barred and remain pending. This case is set for further status hearing on 9/1/2011 at 9:00 a.m.